IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CAROLINE P. AYERS-FOUNTAIN,  :
:
      Plaintiff,  :
:
v.  :  Civil Action No. 04-349 JJF
:
EASTERN SAVINGS BANK,  :
:
      Defendant.  :

Caroline P. Ayres-Fountain, Hockessin, Delaware.
Pro Se Plaintiff.

Frederick L. Cottrell, III, Esquire, and Steven J. Fineman, Esquire, RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware.
Attorneys for Defendant.

**MEMORANDUM OPINION**

March 31, 2005
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is Defendant's Motion To Dismiss (D.I. 6). For the reasons discussed, Defendant's motion will be granted.

## I. Background

On February 12, 2002, Defendant initiated a foreclosure action against Plaintiff in the Superior Court of the State of Delaware. In the foreclosure action, Defendant contended that Plaintiff executed a Note and Mortgage in Defendant's favor, but failed to make any payments. On May 5, 2004, the Delaware Superior Court entered summary judgment in favor of Defendant (D.I. 7, Ex. D).

On May 28, 2004, Plaintiff filed a Notice of Removal in this Court and Defendant filed a motion to remand. On June 1, 2004, Plaintiff commenced the instant action for recission based upon alleged violations by Defendant arising from the execution of the Mortgage and Note. (See D.I. 1 at 2.)

## II. Parties' Contentions

By its motion, Defendant contends, inter alia, that Plaintiff's claims are barred by the doctrine of res judicata. In response, Plaintiff contends, first, that the Superior Court case was removed before the entry and effective date of any order. Second, Plaintiff contends that her Complaint states new and independent causes of action, specifically her TILA claims, which she contends she never had the opportunity to present in

Superior Court.

### III. Discussion

A motion to dismiss tests the legal sufficiency of the complaint. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-56 (1957). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), courts "must accept as true the factual allegations in the [c]omplaint and all reasonable inferences that can be drawn therefrom." <u>Langford v. Atlantic City</u>, 235 F.3d 845, 847 (3d Cir. 2000). A court will grant a motion to dismiss only when it appears that a plaintiff could prove no set of facts that would entitle him or her to relief. <u>Id.</u>

The doctrine of res judicata, in its broadest sense, refers to "the binding effect of a judgment in a prior case on the claims or issues in pending litigation." 18 James Wm. Moore et al., Moore's Federal Practice § 131.10[1][a]. The Third Circuit has expanded on this definition, requiring the party asserting the doctrine to demonstrate that there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." <u>United States v. Athlone Inds.</u>, 746 F.2d 977, 984 (3d Cir.1984). The Court will address each requirement in turn.

*1. Final judgment on the merits in a prior suit*

Summary judgment constitutes a final judgment on the merits.

2

Kulick v. Pocono Downs Racing Ass'n, 816 F.2d 895, 898 n.6 (3d Cir. 1987). On May 5, 2004, prior to Plaintiff's Notice of Removal, Delaware Superior Court entered summary judgment in favor of Eastern. Thus, the Court concludes that there has been a final judgment on the merits in the prior suit.

   *2. Same parties or their privies*

   The Court finds that both the Superior Court action in question and the present action involve Plaintiff and Defendant.

   *3. Subsequent suit based on the same causes of action*

   Res judicata not only prevents a party from prevailing on claims that were litigated in a prior action, but also on claims that a party could have but did not assert in a prior action. Gregory v. Chehi, 843 F.2d 111, 116 (3rd Cir.1988). Res judicata requires "that a plaintiff present in one suit all of the claims for relief that he may have arising out of the same transaction or occurrence." Lubrizol, 929 F.2d at 963.

   The Court concludes that both the foreclosure action in Superior Court and the instant claim for rescission arise from the execution of the Mortgage and Note. Thus, insofar as Plaintiff seeks new claims, the Court finds that such claims arise from the same transaction and thus are based on the same cause of action.

   Lastly, Plaintiff contends she never had the opportunity to present her TILA claims in Superior Court. The Court notes that

3

Plaintiff is a licensed attorney and certainly understood the legal principles and claims available to her.

For these reasons, the Court concludes that the claims Plaintiff asserts in this action are barred by the doctrine of res judicata, and therefore, the Court will grant Defendant's Motion To Dismiss (D.I. 6).

An appropriate Order will be entered.