FILED
CLERK U.S. DISTRICT COURT
STRICT OF DELAWARE

2005 APR 14 PH 3: 31

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CAROLINE P. AYRES -FOUNTAIN           )
                                      )
                                      )
          Plaintiff,                  )
                                      )
                      v.              )        C.A. No. 04-349-JJF
                                      )
EASTERN SAVINGS BANK                  )
                                      )
                                      )
          Defendant.                  )


<u>PLAINTIFF'S  BRIEF IN SUPPORT OF HER MOTION FOR RECONSIDERATION/
IN THE ALTERNATIVE ,TO ALTER AND/OR AMEND THE MARCH 31, 2005
ORDER DISMISSING CASE</u>


Dated:  APRII 14, 2005

                              Caroline P. Ayres-Fountain
                              1 Gwynedd Lane
                              Hockessin, DE 19707
                              Plaintiff, Pro Se

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................. i

NATURE OF THE PROCEEDINGS ............................................................. 2

STATEMENT OF FACTS ............................................................................. 3

SUMMARY OF ARGUMENT ...................................................................... 4

ARGUMENT ............................................................................................... 10

CONCLUSION ............................................................................................ 18

## TABLE OF AUTHORITIES

CASES

Agostine v. Sidcon Corp.,                                             Page 7
69 F.R.D. 437 (E.D. Pa. 1975)

American Manufacturers Mutual Insurance Co., et al. v
American Broadcasting- Paramount Theaters, Inc.
87 S.Ct. 1 (1966)                                                      Page 10.

American National Red Crossv. S.G.'
505 U.S. 247 (1992)                                                    Page 8

Aquino v. Public Finanace Consumer
Discount Company,606 F.Supp. 504 ( E.D. Pa. 1985)                      Page 5,6.

Athlone Industries, Inc. v. Consumer Product Safety
746 F.2d 977 (3rd Cir. 1984)                                           Page 12

Ball v. Connecticut Bank and Trust,
404 F.Supp. 1 ( D.Conn. 1975)                                          Page7

Beneficial National Bankv. Marie Anderson,
539 U.S. 1(2003)                                                       Page 8,9

Burlington Northern R.R. Co. v. Hyundai Merchant
Marine Co., Ltd., 63 F.3d 1227 (3rd Cir. 1995)                         Page15

Daughtrey v. First National Bank and Trust Company,
435 F.Supp. 28( N.D. Ind. 1977)                                        Page 6,13

Facchiano Construction Company, Inc. v.
United States Department of Labor, 987 F.2d 206
(3rd Cir. 1993)                                                        Page 13

First  Jersey National Bank v. Rosemary,
951 F.2d 564 ( 3rd Cir. 1991)                                          Page 14

Gammons v. Domestic Loans of Winston- Salem, Inc.,

423 F. Supp.819(M.D.N.Car. 1976)                                    Page 7

Goepel v. Nat'l Postal Mail Handlers Union,
36 F.3d 306 ( #rd Cir. 1994)                                        Page 10

Harold Smith v. Wells Fargo Credit Corp.,
713 F. Supp. 354 ( D. Ar. 1989                                     Page 6

Harris v. City of Philadelphia, 47 F.3d
1311 (3rd Cir. 1995)                                           Page 8

Harris v. Pernsley, 755 F.2d 338
(3rd Cir. 1985)                                                Page 8

Harry Coman v. Sylvia Coman, 492 F.2d 273(3rd Cir. 1974)       Page 14

Herrmann v. Atlantic Richfield Co.,
72 F.R.D. 182 ( W. D. Pa. 1976)                                     Page 7

Jones v. Sonny Gerber Auto Sales, Inc.,
71 F.R.D. 695(D.Neb. 1976)                                          Page 7

Laubach v. Fidelity Consumer Discount Co.
77 B.R. 483(E.D. Pa.1987                                            Page 6

MetropolitanLife Ins. Co. v. Taylor,
481 U.S. 58 (1987)                                                  Page 10

McCarter v. Mitcham, 883 F.2d 196
(3rd Cir. 1989)                                                Page 8

Railway Labor Executives Ass'n v. Pittsburgh
and Lake Erie R.Co., 858 F.2d 936 (1988)                           Page 10

Robert O' Leary v. Liberty Mutual Insurance Co.,
923 F.2d 1062 (3rd Cir. 1991)                                 Page 12,13

Spartan Grain and Mill Co. v. Ayers
581 F.2d 419 ( 5th Cir. 1978), cert. denied, 4444 U.S. 831 (1979)    Page7

Thurston Motor Lines v. Jordan K, Rand, LTD

460 U.S. 533 ( 1983)                                      Page 10,11

Wade v. City of Pittsburgh, 765 F.2d 405 ( 3rd Cir. 1985)          Page14

Wallcoverings  v. State Bank of Woodstock, 1990 U.S. Dist

 LEXIS 19110 (1990)                                      Page 9

1221 ( W.D. Pa. 1976)                                   Page 7


STATUTES

15 U.S. C. Sections 1640……………………………………………Page 5

## NATURE AND STAGE OF PROCEEDINGS

Ayres incorporates by reference the nature and stage of proceedings filed with her Answering Brief in Opposition to Eastern's Motion to Dismiss in the case of <u>Caroline P. Ayres- Fountain v. Eastern Savings Bank</u>, C.A. No. 04-347(JJF), on or about August 31, 2004. As additional grounds, Ayres states the following:

Ayres was never given the opportunity to argue various TILA and consumer - related violations in Superior Court, after Ayres' discovery of new evidence, which warranted the filing of this complaint. Ayres had filed and scheduled a hearing to argue a Motion to Amend, Alter the Judgment after discovery of new information finding federal law violations. However, the Court on its own initiative, denied the motion before Ayres could argue on the scheduled date of June 2, 3004. Ayres also was never given the opportunity to argue a Motion to Dismiss previously filed with the Superior Court. The Motion to Dismiss would have proven fraud and that a default judgment was entered against the wrong Jeffery Crawford, and should be set aside. Consequently, the right Jeffery Crawford , though an indispensable party, has never been served in this case. Nonexistent addresses for Jeffrey Crawford had been provide previously to the Superior Court by Eastern.

On March 31, 2005, the District Court granted Eastern's Motion to Dismiss Ayres' Complaint . This is Ayres' Opening Brief in Support of her Motion for Reconsideration, in the Alternative, to Alter and/or Amend the March 31, 2005.

2

## STATEMENT OF FACTS

Ayres incorporates by reference all facts filed with her Answering Brief in Opposition to Eastern's Motion to Dismiss in the case of <u>Caroline P. Ayres-Fountain v. Eastern Savings Bank</u>, C.A. No. 04-347(JJF) This Answering Brief also incorporates by way of reference Ayres' Answering Brief filed in Opposition to Eastern's Motion to Remove, all filed on or about August 31, 2004. As additional grounds, Ayres also incorporates by way of reference her Motion to Strike Default Judgment and Addendum to this Motion, filed on or about September 7, 2004 and October 13, 2004, respectively.

## SUMMARY OF THE ARGUMENT

I.   ACTIONS CHALLENGING VIOLATIONS OF TILA DISCLOSURES HAVE

NO MERGER EFFECT ON SUBSEQUENT ACTIONS TO ENFORCE A

RESCISSION OF THE CONTRACT.

II.  THE THIRD CIRCIUT HAS HELD WHERE FEDERAL LAW CONTROLS ,

RES JUDICATA IS INAPPLICABLE TO CLAIMS THAT COULD OR WERE

BROUGHT IN STATE COURT.

. III.  PLAINTIFF'S CAUSES OF ACTION IN THE PRESENT CASE ARE

DIFFERENT THAN WHAT COULD HAVE BEEN ASSERTED IN STATE COURT,

MAKING RES JUDICATA  PRINCIPLES INAPPLICABLE.

IV. THE  THIRD CIRCUIT HAS MADE IT CLEAR THAT THE GRANT OF

SUMMARY JUDGMENT ALONE IN A FORECLOSURE ACTION IS NOT A

FINAL JUDGMENT .

ARGUMENT

Ayres incorporates by reference all facts, arguments and legal authorities filed with her Answering Brief in Opposition to the Motion to Dismiss in Caroline P. Ayres- Fountain v. Eastern Savings Bank, C.A. No. 04-349(JJF), on or about August 31, 2004; as well as her Notice of Removal filed on May 28,204, and subsequent Answering Brief in Opposition to Eastern's Motion to Remove filed on or about August 31, 2004 . As additional grounds, Ayres states the following:

I.  ACTIONS CHALLENGING VIOLATIONS OF TILA DISCLOSURES HAVE NO MERGER EFFECT ON SUBSEQUENT ACTIONS TO ENFORCE A RESCISSION OF THE CONTRACT .

Specifically, federal actions challenging violations of requisite TILA disclosures in a financing contract have no merger effect on subsequent actions to enforce a rescission of the contract. Aquino v. Public Finance Consumer Discount Company, 606 F. Supp. 504, 510( E.D. PA. 1985). "To prevent  a later recovery for rescission would undercut the penalty Congress clearly decided to impose. " Id. at 511.

In Aquino,  plaintiff was not precluded from recovering for statutory damages for rescission violations just because she had previously collected damages for disclosure violations. Id. The Aquino Court noted that  Congress made it quite clear that there is a difference between disclosure violations and rescission violations. Id.  In support of this observance, the  Aquino Court stated that "In 1982,[15 U.S.C.] Section 1640(a) was

amended to confirm the position of certain courts that obligors are entitled to statutory damages for rescission even when their claims for disclosure violations are time-barred. "Id.

In following the Aquino decision, the Court in Laubach v. Fidelty Consumer Discount Co., 77 B.R. 483( E.D. Pa 1987), also found that the borrower's rescission claims could not be barred by res judicata, even though the borrower had a previously successful action against the lender in Federal Court under TILA.  Like in Aquino, the Lauback Court reasoned that the " action challenging violations of requisite TIIA disclosures in financing contract has no merger effect on subsequent action to enforce the rescission of the contract. " Id. at 483.

Finding too that the legal issue of rescission was a new cause of action barring the application of res judicata, the District Court in Harold Smith v. Wells Fargo Credit Corp., et al., 713 F.Supp. 354 (D. Ar.1989) , held that res judicata did not prohibit borrowers' second suit to rescind under the TILA , even after her state court suit on TILA violations ,which resulted in a reformation of the contract.   The Smith Court reasoned that it was apparent that courts have interpreted the right to rescind as a continuing obligation. Id. at 357.

The Smith Court further reasoned that Federal Courts will usually characterize TIIA violations as permissive counterclaims, and therefore not barred by a separate action. Id.   In support of this reasoning, the Smith Court cited Daughtrey v. First National Bank and  Trust Company, 435 F.Supp. 28 ( N.D. Ind. 1977). In Daughtrey, the District Court found that res judicata was inapplicable to plaintiff's subsequent statutory disclosure claim based upon a prior State Court proceeding initiated against her by  the

bank for an alleged unpaid loan . Id. at 218. With regard to it's reasoning, the Daughtrey

explained that " [S]tate law shall not serve to preempt or preclude this [District]Court

from the exercise of a specific congressional jurisdictional grant…. [T] he liability to

which a violator of TIL is subject has been characterized as a penalty and a deterrent to

activity prohibited by Congress." Id. at 29 (citing Mourning v. Family Publication

Service, 411 U.S. 356.(1973)

 As noted in Daughtrey, the vast weight of authority supports the principle that  a

debt collection action on a loan is not sufficiently linked to TILA violations to become

compulsory counterclaims. Id. at 221. See  Herrmann v. Atlantic Richfield Co. 72 F.R.D.

182(W.D. Pa. 1976); Jones v. Sonny Gerber Auto Sales, Inc. 71 FRD 695 (D.Neb. 1976);

Gammons v. Domestic Loans of Winston-Salem, Inc., 423 F. Supp. 819 ( M.D.N.Car.

1976); Agostine v. Sidcon Corp., 69 F.R.D. 437 ( E.D. Pa. 1975); Ball v. Connecticut

Bank and Trust, 404 F. Supp. 1 ( D. Conn. 1975).

 Other Federal Courts have also found TILA violation claims to be permissive in

nature, including Spartan Grain and Mill Co.v. Ayers,  581 F.2d 419 ( 5th Cir. 1978) cert.

denied, 444 U.S. 831(1979) . In the Spartan case, the Fifth Circuit Court found plaintiff's

TILA violation claims to be permissive because they were entirely separate questions of

fact and law. Id.

 Faced with the same issue , the Court in Zelzer v. Carte Blanche Corp., 414 F.

Supp. 1221 (W.D.Pa.1976),  found that while the rescission claims  stemmed from the

same underlying business transaction, they involved totally distinct legal issues and

permissive.

.

.

Ayres respectfully avers that the above-stated authorities support a finding that the Court erred in finding res judicata applicable in the present case.

## II.   THE THIRD CIRCIUT HAS HELD WHERE FEDERAL LAW CONTROLS , RES JUDICATA IS INAPPLICABLE TO CLAIMS THAT COULD OR WERE BROUGHT IN STATE COURT.

Res judicata should not be applied to Federal claims, which by their very nature could not have been adjudicated in State Court. See Harris v. Pernsley, 755 F.2d 338 ( 3rd Cir. 1985), reh'r denied ,758 F.2d 83 (3rd Cir. 1985), cert.denied, 474 U.S. 965 (1985); McCarter v. Mitcham, 883 F2d 196 (3rd Cir.1989). See also Harris v. City of Philadelphia, 47 F. 3d 1311 ( 3rd Cir. 1995).

Even causes of action brought under the same Federal statute do not have res judicata effect, if they involve different statutes under the Act, different acts, and different wrongs, and required different evidence to support different material facts alleged. See Athlone Industries, Inc. v. Consumer Product Safety, 746 F2d 977 (3rd Cir. 1984).

In the present case, the very fact that a plaintiff is federally chartered bank presents a federal claim that gives this Court exclusive jurisdiction to decide the present case. See Beneficial National Bank v. Marie Anderson, 539 U.S. 1 (2003); American National Red Cross v. S.G., 505 U.S. 247 (1992).

The court has also recognized the special nature of *federally chartered banks.*

8

Uniform rules limiting their liability and prescribing exclusive remedies for their overcharges are an integral part of a bank system that needed protection from possible unfriendly state legislation. The same federal interest supports the established interpretation of Sections 85 and 86 [of the National Bank Act] that gives those provisions the requisite pre-emptive force to provide removal jurisdiction.

    Beneficial National Bank v. Marie Anderson, supra, 539 U.S. at 4.(Emphasis added).

    It should be noted that , for the first time in an affidavit filed with the Court, and after being formally exposed in Ayres' Notice of Removal as a Federal Savings Bank, and accused by Ayres of fraud in Federal Court, Eastern acknowledges that it is indeed a Federal Savings Bank. While Eastern is quick to point out in its pleadings that it is a "Maryland Corporation", if the whole truth be told, it is really existing under the laws of the United States.

    Ayres avers in the present case that this fact leaves the State Court without subject-matter to hear the present case. Consequently, no valid judgment could have been entered by the State Court regarding Ayres' present claims, making res judicata inapplicable.

    Furthermore, it cannot in good conscious be asserted that a federal co-defendant, United States of America/ Internal Revenue Service, as a lien claimant, is only a nominal party to the present case " because of their substantial economic interest in the litigation's outcome". See M.D.C. Wallcoverings v. State Bank of Woodstock, 771 F. Supp. 242 ( N.D.Ill.1991). The IRS had stipulated with Eastern for a share of any moneys recovered against Ayres. The fact that we have a plaintiff and defendant existing and arising under the laws of the United States makes this case a Federal issue.

Additionally, there is a complete Federal preemption regarding Ayres' claims since the statutes relied upon by her are preemptive actions, containing civil enforcement remedies. See Goepel v. Nat'l Postal Mail Handlers Union, 36 F.3d 306, 310 n.5 ( 3rd Cir. 1994).

There are two requirements for preemption to occur in the Third Circuit. First, it is required that" ' Congress ….clearly manifest an intent' to make actions within a particular area removable to federal court. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64, 95 L. Ed. 2d 55, 107 S.Ct. 1542 (1987); *Goepel*, 36 F.3d at 311. Second, it has required that Congress provide an inclusive federal claim that encompasses the state law remedies available to the plaintiffs. It has been 'held that the complete preemption doctrine applies only if 'the statute relied upon by the defendant as preemptive contains civil enforcement provisions within the scope of which the plaintiff's state claim falls.' Goepel, 36 F.3d at 311 ( citing *Railway Labor Executives Ass'n v. Pittsburgh and Lake Erie R. Co.*, 858 F.2d at 936, 942 (1988)".

Even if the above-stated doctrines were not applicable in the present case, the fact that the State Court , *sua sponta* , canceled the June 2,2004 hearing, and refused to hear Ayres' federal law defenses, to be raised in her Notice of Removal, all together constitutes a federal question. See American Manufactures Mutual Insurance Co., et al. v. American Broadcasting- Paramount Theaters, Inc. , 87 S. Ct. 1 (1966).

Furthermore, the present case is not "a simple contract –collection "action". See Thurston Motor Lines v. Jordan K. Rand, LTD., 460 U.S. 533 (1983). Ayres asserts that Eastern's claim against Ayres , itself is, "of necessity",

10

predicated on" federal law regulated by the Federal Insurance Deposit and the Federal Thrift Insurance agencies, established by the United States Government. See Id. . Eastern's claim is on behalf of the United States government, which makes the claim against Ayres a federal question case. See Id.

Furthermore, Eastern 's mortgage note itself is concrete evidence that both Plaintiff and Defendant had agreed that Delaware would not have jurisdiction over any issues raised regarding the note. Since Delaware law does not govern the note, all Delaware State Courts are without authority or subject matter jurisdiction to hear the present case in District Court. The evidence on which the foreclosure action is based leaves no doubt that the parties involved had previously agreed that Federal law is also applicable.

III. PLAINTIFF'S CAUSES OF ACTION IN THE PRESENT CASE ARE
DIFFERENT THAN WHAT COULD HAVE BEEN ASSERTED IN STATE COURT,
MAKING RES JUDICATA PRINCIPLES INAPPLICABLE.

Factors to be considered in assessing whether causes of actions are different for

purposes of res judicata include: " whether the acts complained of and demand for relief

are the same, i.e. whether the wrong for which redress is sought is the same in both

actions, whether theory of recovery is the same , whether the witnesses and documents

necessary at trial are the same, and whether the material facts alleged are the same."

Robert O'Leary v. Liberty Mutual Insurance Co., 923 F. 2d 1062 ( 3rd Cir. 1991), citing

Athlone Industries, Inc. v. Consumer Product Safety Commission, 746 F.2d 977 (3rd Cir.

1984).   .

In the case at bar, the acts complained of and the relief sought are not the same as

what could have been brought in State Court. For instance, with regard to allegations of

TILA and Federal violations in the present case, there are two different wrongs being

addressed . In State Court it was a finding of summary judgment based only upon Ayres'

conduct and alleged failure to pay.  Furthermore, not only rescission claims, but also new

fraud complaints are presented in Ayres' Federal Complaint. Unlike in the State Court,

Plaintiff is asking the District court to give her not only rescission relief based upon

TILA, but specific statutory damages for rescission and other violations under this Act.

Unlike State Court, the theory of recovery in Ayres' Federal Complaint, for the most part,

is based upon preemptive Federal laws and regulations.  To prove the rescission and

fraud related claims in District Court, testimony from the broker and settlement attorney will be used. No testimony was needed in the State foreclosure action.

For the most part, Ayres' claims in the present case fall within the very narrow scope of federal statutes, and are in furtherance of a "stated federal legislative policy". On the other hand, Eastern contends in State Court, among other things, that Ayres is in default of a mortgage note. See Daughtrey v. First Bank and Trust Company of South Bend , supra,   435 F. Supp. 218  (N.D. Ind. 1977) .

Consequently, the relief and theories of recovery differ drastically between the State and Federal Court actions.  Unlike the Federal action, Ayres did not seek the recovery of damages against Eastern.

In addition, the material facts alleged differ in the two law suits.  Many more facts, including the intentional fraudulent actions on the part of the Eastern, in concert with the broker and settlement attorney, must be developed in the Federal Court action.

As a result of the above-stated differences in wrongs, theories, recovery, witnesses and material facts, Ayres avers that there can only be one conclusion--- that the State and Federal cases present separate and distinct causes of action. See   Facchiano Construction Company, Inc. v. United States Department of Labor, 987 F.2d 206 ( 3rd Cir. 1993); Robert O'Leary v. Liberty Mutual Insurance Co., supra, 923 F.2d 1062 ( 3rd Cir. 1991).

IV. THE THIRD CIRCUIT HAS MADE IT CLEAR THAT THE GRANT OF
SUMMARY JUDGMENT ALONE IN A FORECLOSURE ACTION IS NOT A
FINAL JUDGMENT.

A Court's grant of summary judgment on liability in a mortgage foreclosure action is not a final order for purposes of appeal and res judicata/claim preclusion, because the amount due has yet to be determined by way of an order. First Jersey National Bank l v. Rosemary Brown, 951 F.2d 564 ( 3rd Cir. 1991).

In the case at bar, the summary judgment action in Superior Court was removed before its June 2, 2004 effective date, and does not determine any amount owed by Ayres to Eastern. For these reasons alone, Ayres asserts that the principle of res judicata can not apply , as there is no final order.

Furthermore, Ayres avers that the summary judgment in prior proceeding does not address Eastern's fraud and the wrongful conduct of the acts alleged in the subsequent suit. Therefore, no res judicata bar should exist against subsequently filed Federal actions, asserting this wrongful conduct. See Wade v. City of Pittsburgh, 765 F.2d 405 ( 3rd Cir. 1985). See also Harry Coman v. Sylvia Coman, 492 F.2d 273( 3rd Cir. 1974) ( Third Circuit stated that for res judicata to apply, there must be an absence of fraud or some other factor invalidating the judgment).

For entry of a summary judgment to be final, the resolution must be 'sufficiently firm, the second court should consider whether the parties were fully heard, whether a reasoned opinion was filed, whether the decision could have been, or actually was, appealed. Id…'

14

See Burlington Northern R.R. Co. v. Hyundai Merchant Marine Co., Ltd., 63 F.3d 1227
(3rd Cir. 1995).

Furthermore, the State Court refused to keep the scheduled hearing date in which
Ayres was to set forth her federal claims, and the reasons why removal to Federal Court
was necessary. Therefore, the first requirement, of a full opportunity to be heard on
Ayres' Federal claims was denied in State Court. Also, no reasoned opinion has been
filed in State Court, and no amount of money owed has been determined by the Court. In
addition, no State Court order has been made regarding the alleged default judgment on
the co-defendant, Jeffrey Crawford. Furthermore, the failure to serve the right Jeffrey
Crawford, an indispensable party, invalidates the default judgment in the case. It should
be noted that while Eastern has motioned and caused a default judgment to be placed on
the record, there has been no entry order of a default judgment.

Additionally, the Superior Court decision was never appealed, as Ayres, relied on the
law in this State that summary judgments, alone in a foreclosure action is not a final
order. Ayres therefore asserts that, with all four Burlington factors missing, a final
judgment was not rendered in the State case, and a controversy remains to be litigated,
making res judicata inapplicable. See Id.

WHEREFORE, Ayres respectfully requests reconsideration and a new order denying Defendant's Motion to Dismiss , and granting Plaintiff's Motion for Leave to Amend her Complaint .

CONCLUSION

Accordingly, Plaintiff avers that, based upon the facts and legal authority presented, the Court should reverse its March 31, 2004 Order, and permit Ayres to proceed with her amended complaint .

Date: April 14, 2005

Caroline Ayres-Fountain
1 Gwynedd Lane
Hockessin, DE 19707

## CERTIFICATE OF SERVICE

I, Caroline P. Ayres-Fountain, do hereby certify that I have mailed copies of the

attached Brief in Support of Plaintiff's Motion for Reconsideration, In the Alternative,

Motion to Alter and/Amend the March 31, 2005 Order, on this 14th day of April, 2005 to

the below-mentioned person(s):

Frederick L. Cottrell, III
Steven J. Fineman
Richards Layton and Finger
One Rodney Square
P.O. Box 551
Wilmington, De. 19899

Attorneys for Defendant Eastern Savings Bank


Caroline P. Ayres-Fountain
1 Gwynedd Lane
Hockessin, DE 19707
Plaintiff, Pro Se