IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CAROLINE P. AYRES-FOUNTAIN,          )
                                     )
            Plaintiff,               )
                                     )
      v.                             )        C.A. No. 04-349-JJF
                                     )
EASTERN SAVINGS BANK, a Maryland     )
corporation,                         )
                                     )
            Defendant.               )

**DEFENDANT'S BRIEF IN OPPOSITION
TO PLAINTIFF'S MOTION FOR RECONSIDERATION
OR, IN THE ALTERNATIVE, TO ALTER AND/OR AMEND
THE MARCH 31, 2005 ORDER DISMISSING THE CASE**

Frederick L. Cottrell, III (#2555)
Steven J. Fineman (#4025)
Kelly A. Green (#4095)
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Cottrell@rlf.com
Fineman@rlf.com
Green@rlf.com
Attorneys for Defendant Eastern Savings Bank

Dated: April 28, 2005

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................... ii

INTRODUCTION ................................................................................................... 1

NATURE AND STAGE OF THE PROCEEDINGS .............................................. 2

SUMMARY OF ARGUMENT .............................................................................. 3

STATEMENT OF FACTS ..................................................................................... 4

ARGUMENT .......................................................................................................... 5

   I.  PLAINTIFF HAS FAILED TO MEET HER HEAVY BURDEN FOR OBTAINING
      RECONSIDERATION ................................................................................... 5

   II.  RES JUDICATA BARS PLAINTIFF'S CLAIMS ......................................... 6

      A.  The Superior Court Action Resulted In A Final Judgment On The Merits ............. 7

      B.  The Present Matter Involves The Same Parties Or Their Privies As Were Involved In
         The Superior Court Action ........................................................................ 8

      C.  The Present Action Is Based On The Same Causes Of Action As The Superior Court
         Action ...................................................................................................... 8

   III. THE SUPERIOR COURT HAD JURISDICTION TO DECIDE THE MATTERS
      CURRENTLY ALLEGED BY PLAINTIFF ................................................ 10

CONCLUSION ....................................................................................................... 12

# TABLE OF AUTHORITIES

## CASES

Albano v. Norwest Financial Hawaii, Inc.,
244 F.3d 1061 (9th Cir. 2001) .................................................................................. 9

American National Red Cross v. S.G. & A.E.,
505 U.S. 247 (1992) .............................................................................................. 10

Beneficial National Bank v. Anderson,
539 U.S. 1 (2003) ................................................................................................. 10

Brambles USA, Inc. v. Blocker,
735 F. Supp. 1239 (D. Del. 1990) ......................................................................... 6

Cotton v. Federal Land Bank of Columbia,
676 F.2d 1368 (11th Cir. 1982) ............................................................................. 9

Eubanks v. Liberty Mortgage Banking Ltd.,
976 F. Supp. 171 (E.D.N.Y. 1997) ...................................................................... 10

First Jersey National Bank 1 v. Rosemary Brown,
951 F.2d 564 (3d Cir. 1991) .................................................................................. 7

Goepel v. National Postal Mail Handlers Union,
36 F.3d 306 (3d Cir. 1994) ................................................................................... 11

Harsco Corp. v. Zlotnicki,
779 F.2d 906 (3d Cir. 1985) .................................................................................. 5

Karr v. Castle,
768 F. Supp. 1087 (D. Del. 1991) ........................................................................ 6

Kittel v. First Union Mortgage Corp.,
2001 WL 34047942 (W.D. Okla. Feb. 9, 2001) ................................................... 9

M.D.C. Wallcoverings v. State Bank of Woodstock,
771 F. Supp. 242 (N.D. Ill. 1991) ....................................................................... 11

Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros,
176 F.3d 669 (3d Cir. 1999) .................................................................................. 5

N.A.I.F. Inc. v. Snyder,
2005 WL 735554 (D. Del. Mar. 30, 2005) ............................................................ 5

RLF1-2866820-1

<u>United States v. Athlone Inds., Inc.</u>,
746 F.2d 977 (3d Cir. 1984) ............................................................. 6

<u>United States v. Garcia</u>,
2000 WL 654374 (D. Del. Apr. 5, 2000) .......................................... 5, 6

-iii-

## INTRODUCTION

In a transparent attempt to further delay making her mortgage payments to Eastern, Plaintiff has filed a baseless motion for reconsideration of the Court's March 31 order dismissing this action. The motion fails to meet the test for reconsideration and Eastern respectfully requests that the Court deny it expeditiously so that Eastern can conclude foreclosure proceedings in the Delaware Superior Court and receive payment in full for what is owed to it. Further federal proceedings in this Court by Plaintiff are not only baseless in fact and law but are an abuse of the judicial process by a member of the Delaware Bar and should not be countenanced by the Court.

-1-

## NATURE AND STAGE OF THE PROCEEDINGS

Following Caroline P. Ayres-Fountain's ("Plaintiff" or "Ayres-Fountain") failure to take actions consistent with her obligations under the Note and Mortgage[1] she signed with Eastern Savings Bank ("Eastern"), Eastern commenced a foreclosure action in the Superior Court of the State of Delaware in and for New Castle County.[2] In response to the Superior Court Action, Plaintiff raised multiple defenses. Of relevance to the present proceeding, one of Plaintiff's defenses included the assertion in her Affidavit of Defense that "[p]laintiff [Eastern] has breached its contractual obligations to defendant [Caroline P. Ayres-Fountain] by requiring defendant to pay more interest and different interest rates than set forth in the original truth in lending statements, and good faith estimate statements first given to defendant." In relation to the Superior Court Action, Plaintiff entered into a Stipulation of Settlement and payment arrangement in which she agreed that the Note and Mortgage at issue had been duly executed and that "all defenses heretofore alleged in exchange for plaintiff's agreement to stipulate settlement" were waived.

Despite the Stipulation of Settlement, Eastern filed a motion for summary judgment to move the foreclosure action toward closure as the Superior Court had concerns that the Stipulation of Settlement would cause the docket to remain open for an extended period of time. The Stipulation of Settlement was incorporated into Eastern's motion for summary judgment,

---

[1] The terms utilized herein are fully defined in Eastern Savings Bank's Opening Brief in Support of its Motion to Dismiss. D.I. 7.

[2] This action is styled <u>Eastern Savings Bank v. Caroline P. Ayres-Fountain and Jeffrey Crawford and United States of America</u>, C.A. No. 02L-02-040-WCC (the "Superior Court Action"). Jeffrey Crawford and United States of America were added to the Superior Court Action when Eastern learned that Plaintiff had sold property encumbered by the mortgage. The United States of America also had an interest in certain real property via tax liens. The Court ordered the caption on the pleadings amended to reflect the additional parties on March 14, 2003.

RLF1-2866820-1

which was granted by the Superior Court on May 5, 2004 in favor of Eastern   Undeterred, Ayres-Fountain brought a motion for enlargement of time or, in the alternative, relief from or to alter judgment, which was similarly decided against Ayres-Fountain.

Following both the grant of summary judgment against Ayres-Fountain and the Court's refusal to enlarge time or alter the judgment, Ayres-Fountain removed the Superior Court Action to this Court. Although Ayres-Fountain had already taken action to remove the Superior Court Action, Ayres-Fountain nevertheless commenced the present action alleging the very same facts that formed the basis for her bid to remove the Superior Court Action to this Court. The removed action styled as <u>Eastern Savings Bank v. Caroline P. Ayres-Fountain</u>, C.A. No. 04-347-JJF, was recently remanded by this Court based upon a finding that there were no proper grounds for this Court to exercise subject matter jurisdiction.

On March 31, 2005, this Court dismissed the present action, finding that Plaintiff's claims are barred by the doctrine of *res judicata*.

Plaintiff now requests this Court to reconsider or amend its dismissal of this action through her Motion for Reconsideration, in the Alternative, Motion to Alter and/or Amend the March 31, 2005 Order Dismissing Case (the "Motion").

This is Eastern's Brief in Opposition to Plaintiff's Motion.

## SUMMARY OF ARGUMENT

1     Plaintiff has failed to present any newly discovered evidence or demonstrate a manifest error of law or fact which need be corrected and, therefore, the Court should deny her Motion

2     As this Court determined, *res judicata* is a complete bar to Plaintiff's claims

3     The Superior Court had jurisdiction to decide the matters at issue

-3-

## STATEMENT OF FACTS

Eastern respectfully incorporates by reference the Statement of Facts set forth in Eastern Savings Bank's Opening Brief in Support of its Motion to Dismiss the present action  D.I  7

## ARGUMENT

Plaintiff's motion for reconsideration or, in the alternative, motion to alter and/or amend the March 31, 2005 order dismissing the case merely repeats and realleges the same material that Plaintiff previously presented to the Court in answering Eastern's motion to dismiss  Plaintiff's motion does not feature new arguments, much less new evidence, new case law, or new circumstances that would require a finding that the Court should reconsider claims that have repeatedly been fully heard and properly resolved  Further, as Plaintiff has failed to demonstrate a "manifest error" of law or fact and has wholly failed to present newly discovered evidence, Plaintiff has failed to meet the burden for obtaining the Court's reconsideration  Plaintiff's motion should be denied

## I.   PLAINTIFF HAS FAILED TO MEET HER HEAVY BURDEN FOR OBTAINING RECONSIDERATION.

It is well-settled that "the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence" Harsco Corp. v. Zlotnicki, 779 F 2d 906, 909 (3d Cir 1985), see also Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F 3d 669, 677 (3d Cir 1999); N.A.I.F. Inc. v. Snyder, 2005 WL 735554, at *1 (D. Del. Mar 30, 2005)[3]. "On a motion for reconsideration, the moving party must demonstrate an intervening change in the law, new evidence not previously available, or, 'the need to correct a clear error of law or fact or to prevent manifest injustice'" United States v. Garcia, 2000 WL 654374, at *1 (D Del Apr 5, 2000) citing Max's Seafood Cafe, 176 F 3d at 677  Plaintiff's April 15, 2005 Motion for Reargument and Reconsideration is nothing more than a restatement of previous

---

[3] All unreported decisions are attached hereto as Exhibit A

arguments, and lacks any example of "manifest error" of law or fact, of any intervening change in the law, or of newly discovered evidence

This Court has rigorously followed the legal principles applicable to motions for reconsideration, holding that such motions are "not an opportunity for the parties to engage in an endless debate over previously litigated arguments." United States v. Garcia, 2000 WL 654374, at *1, citing Karr v. Castle, 768 F. Supp. 1087, 1093 (D. Del 1991) aff'd, 22 F 3d 303 (3d Cir 1994). Reargument is appropriate only when "'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" Brambles USA, Inc. v. Blocker, 735 F Supp. 1239, 1241 (D. Del. 1990). In other words, reconsideration and "[r]eargument should not be granted where it would merely allow wasteful repetition of arguments already briefed, considered and decided," which would improperly "allow for endless debate between the parties and the Court." Id. at 1240.

Plaintiff's Motion is a rehash of arguments repeatedly made, which have been fully heard by two courts and properly rejected by both. Plaintiff has brought forth absolutely no new evidence, demonstrated no intervening change in the law, or pointed to anything else that the Court may have overlooked in rendering its March 31, 2005 decision in this matter. Any further consideration of these same contentions is therefore unwarranted under the governing authority. Plaintiff's continuing attempt to stall enforcement of the terms of the Mortgage and Note must be stopped so justice can finally be served.

## II.   *RES JUDICATA* BARS PLAINTIFF'S CLAIMS.

As this Court has already determined, Plaintiff's claims are barred because there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies, and (3) a subsequent suit based on the same causes of action." United States v. Athlone Inds.,

Inc., 746 F.2d 977, 983 (3d Cir. 1984). The Superior Court Action resulted in a foreclosure judgment. In the event this Court was to determine that the Mortgage and Note were invalid due to violations of TILA, the effects of the Superior Court foreclosure action would be nullified. A contrary result, for which Plaintiff advocates, is the very reason for the principle of *res judicata*.

A.    **The Superior Court Action Resulted In A Final Judgment On The Merits.**

Plaintiff's attempt to claim the Superior Court Action did not result in a "final" judgment must be rejected. She incorrectly relies on First Jersey National Bank 1 v. Rosemary Brown, 951 F.2d 564 (3d Cir. 1991) for the proposition that *res judicata* should not attach in this case because the order was not final. The Third Circuit actually determined in the First Jersey case that where the previous decision had been a foreclosure summary judgment decision, that decision was sufficient to preclude late claims. Further, in the First Jersey case, much at issue was the fact that the Court had not entered a foreclosure amount. However, in the present case, the Superior Court Action did state a specific amount.[4]

Plaintiff also asserts that she was not given the opportunity to argue the merits of her federal claims. This is simply not true as she submitted not one, but two, affidavits related to her Truth-in-Lending Act defense, a motion to dismiss and had the opportunity to respond to Eastern's motion for summary judgment. Plaintiff has no one to blame but herself for the fact that the Court "canceled" the hearing on Eastern's motion for summary judgment after Plaintiff

---

[4] The Superior Court entered the following order. "IT IS HEREBY ORDERED that Summary Judgment shall be entered in favor of plaintiff and against defendant, Caroline P. Ayres-Fountain, in the sum of $270,787.28, plus court costs, attorney fees in the amount of $6,799.50 interest at the contract rate of 13.50% annum until satisfied. The effective date of this order will be June 4, 2004."

RLF1-2866820-1

twice requested the hearing be postponed or failed to appear for the scheduled hearing [5] Further,

the Superior Court has jurisdiction to completely and finally resolve Plaintiff's Truth-in-Lending

Act claims.

**B.    The Present Matter Involves The Same Parties Or Their Privies As Were Involved In The Superior Court Action.**

The Superior Court Action and the present action involve the same parties  Eastern and

Plaintiff were the parties with the contractual relationship and both are present in this action

Further, Plaintiff makes no new arguments in this regard but merely repackages her old material

**C.    The Present Action Is Based On The Same Causes Of Action As The Superior Court Action.**

Plaintiff has conceded that the Superior Court Action involved all of the claims she now

attempts to raise in the present action  Plaintiff's notice of removal lists the causes of action that

were at issue in the Superior Court Action  Plaintiff specifically sought to remove the Superior

Court Action "[p]ursuant to provisions of Section 1441 and 1446 of Title 28 of the United States

Code." Additionally, Plaintiff stated the following in her Notice of Removal.

> 3    In particular, the plaintiff's, a Federal Savings Bank's, principal claim for relief is based on contracts and loans that are governed by 15 U.S.C. Sections 1601 et seq., Title 12, Regulation Z, Part 226.1 (c) (3) et seq., Title 24 CFR, Regulation X, Part 3500 and Title 12 U.S.C. Sections 15,226.23(a), 12 U.S.C. Section 2601 et seq., 12 U.S.C. Section 15.

> 4    Removal of this action is therefore proper under Section 1441 of Title 28 of the United States Code because this is a civil action brought in a State Court over which the Federal District Courts would have had original jurisdiction had the action been commenced in Federal Court.

* * *

---

[5] In fact, on one occasion, the Superior Court noted in the docket "The [Defendant] Caroline Ayres did not appear at the scheduled time." (D.I. 23 of the Superior Court Action)

> 11     The disclosures made in relation to the consumer credit
> transaction were not presented in the manner required by Federal
> law.   The disclosures were not grouped together and were not
> segregated from everything else as required by Title 12 Code of
> Federal Regulations, Section 226 17(a)(1)....

(D.I. 7 at Exhibit M).

All of the causes of action in the present complaint are included in the notice of removal

recitation. Further, the Superior Court Action has been remanded. Plaintiff cannot now be heard

to argue that the Superior Court Action did not involve those same causes of action.

Plaintiff wholly fails to address or recognize that the Superior Court Action was a

foreclosure action granting property rights to Eastern. Nor does she even attempt to distinguish

Cotton v. Federal Land Bank of Columbia, 676 F.2d 1368 (11th Cir. 1982) or Kittel v. First

Union Mortgage Corp., 2001 WL 34047942 (W.D. Okla. Feb. 9, 2001) which specifically

address the issue raised by this Court. In both of those cases, courts found that allegations

regarding violations of the Truth-in-Lending Act, raised after a foreclosure were barred by the

doctrine of *res judicata*. The reason for this is simple. "There can be no doubt whatsoever that

[Plaintiff's] TILA claim could have been litigated in the foreclosure action. It was a defense that

would have ineluctably precluded foreclosure if the [Plaintiff's] claims are meritorious." Albano

v. Norwest Financial Hawaii, Inc., 244 F.3d 1061, 1064 (9th Cir. 2001).

Instead of addressing the actual issue before the Court, Plaintiff seeks to muddy the

waters by asserting that because the Truth-in-Lending Act claims were not compulsory, they can

be asserted after the previous decision had been rendered. None of the cases she cites for this

proposition[6] are in the context of an underlying foreclosure action. Further, whether a court

considers a TILA claim to be permissive or compulsory, a judgment of the underlying state court

---

[6] See Plaintiff's Brief in Support of her Motion at 6-8.

on foreclosure bars review by a federal court under the doctrine of *res judicata*. See Eubanks v. Liberty Mortgage Banking Ltd., 976 F. Supp. 171 (E.D.N.Y. 1997).

## III.  THE SUPERIOR COURT HAD JURISDICTION TO DECIDE THE MATTERS CURRENTLY ALLEGED BY PLAINTIFF.

Federal jurisdiction sufficient to allow removal does not equate to exclusive federal jurisdiction. Further, the case to which Plaintiff cites for support, Beneficial National Bank v. Anderson, 539 U.S. 1 (2003), does not support her position as it only addressed exclusive jurisdiction in the context of the National Bank Act.[7] First, Eastern is not a national bank subject to the aforementioned Act.[8] Further, a state court does have jurisdiction to hear a usury claim and, as such, the National Bank Act is removable but not exclusively within this Court's jurisdiction. Importantly, in the present case, there is a variety of issues involved, the original ones being for foreclosure under the Mortgage and Note, rather than merely claims only governed by federal law. In short, Plaintiff's claims cannot be viewed in a vacuum, as she suggests.

In the same vein, Plaintiff incorrectly relies on American National Red Cross v. S.G. & A.E., 505 U.S. 247 (1992), but this case is actually contrary to her position. In fact, this case stands for the proposition that the mere fact that The American Red Cross had a federal charter did not grant exclusive jurisdiction to a federal court. The Supreme Court overruled the Circuit Court and determined that the mere fact that an organization had a federal charter did not place a right with that organization to avoid suit in a state court because the charter did not create exclusive jurisdiction. Finally, as a matter of practicality, Eastern, as well as other federal

---

[7] Plaintiff has brought only one Count (XIX) under the National Bank Act.

[8] Indeed, Ayres-Fountain concedes in her Motion, as she must, that Eastern is a Federal Savings Bank. See Plaintiff's Brief in Support of her Motion at 9.

savings associations and federal banks, have the ability to sue (or be sued) in state court and this is not an unusual occurrence

Further, to the contrary of Plaintiff's claim, the existence of the IRS as a defendant does not strip the Superior Court's jurisdiction to adjudicate this matter. Plaintiff cites one case for the proposition that because the Internal Revenue Service is a party to this matter, the case is required to be adjudicated in federal court. The case to which she cites, <u>M.D.C. Wallcoverings v. State Bank of Woodstock</u>, 771 F. Supp. 242 (N.D. Ill. 1991), <u>does</u> <u>not</u> involve the Internal Revenue Service <u>at all</u>. Additionally, Plaintiff incorrectly interprets the outcome of the case. The holding was that the case was remanded to <u>state</u> court and, therefore, not subjected to exclusive federal jurisdiction. As such, Plaintiff cites to no precedent to support her position.

Moreover, Plaintiff cites <u>Goepel v. National Postal Mail Handlers Union</u>, 36 F.3d 306 (3d Cir. 1994) for the proposition that her TILA claims fall under the "complete preemption doctrine;" however, this case does not involve TILA claims. Further, the holding of <u>Goepel</u> is that the claims are <u>not</u> completely preempted. In fact, Plaintiff cites no cases to support her argument that TILA claims are subject to "complete preemption." <u>See</u> Plaintiff's Brief in Support of Motion at p. 10.

-11-

## CONCLUSION

For the foregoing reasons, Eastern respectfully requests this Court deny Plaintiff's Motion for Reconsideration or, in the Alternative, to Alter and/or Amend the March 31, 2005 Order Dismissing the Case.

Frederick L. Cottrell, III (#2555)
Steven J. Fineman (#4025)
Kelly A. Green (#4095)
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, Delaware  19899
(302) 651-7700
Cottrell@rlf.com
Fineman@rlf.com
Green@rlf.com
Attorneys for Defendant Eastern Savings Bank

Dated: April 28, 2005

-12-

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2005, I electronically filed the foregoing document with

the Clerk of Court using CM/ECF and caused the delivery of such filing(s) by U.S. Regular Mail

and Hand Delivery to the following.

**VIA HAND DELIVERY AND U.S. MAIL**
Caroline P. Ayres-Fountain
1 Gwynedd Lane
Hockessin, DE  19707
(302) 981-5021


Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Fineman@rlf.com
Attorneys for Defendant Eastern Savings
Bank