# EXHIBIT A

Westlaw.

Not Reported in F.Supp.2d                                                                                   Page 1
2001 WL 34047942 (W.D.Okla.)
(Cite as: 2001 WL 34047942 (W.D.Okla.))

H
Only the Westlaw citation is currently available

United States District Court,
W.D. Oklahoma
Michael W. KITTEL and Tama R. Kittel, Plaintiffs,
v.
FIRST UNION MORTGAGE CORPORATION
and World Mortgage Company, Defendants
No. 00-CV-1945.

Feb 9, 2001

ORDER

RUSSELL, Chief J.

*1 Defendant World Mortgage Company has moved to dismiss Plaintiffs' Complaint. As grounds therefor, Defendant asserts that Plaintiff's claims for violation of the Truth in Lending Act are governed by the applicable one-year time limit, Okla.Stat. tit. 14A, § 5-203(6); 15 U.S.C. § 1640(e), and are time-barred and therefore the Court is without subject matter jurisdiction. Alternatively, Defendant asserts that Plaintiff's action is barred by the doctrine of *res judicata* by virtue of a state court judgment entered in favor of Defendant First Union National Bank against the Plaintiffs herein for foreclosure of the mortgage action and on the underlying promissory note which were made in the loan transaction which Plaintiffs seek to rescind in this action. This is so, Defendant asserts, because Plaintiffs' rescission claims were compulsory counterclaims that were required to be but were not asserted in the state court action, citing *Fox v. Maulding*, 112 F.3d 453, 459 (10th Cir.1997). Finally, Defendant urges that the Court construe Plaintiffs' Complaint as a Notice of Removal and that it be dismissed as untimely.

Plaintiffs in response assert that no state exemption from the substantive provision of the Truth in Lending Act can pre-empt the minimum rights provided by it, including a borrower's three-year rescission right for material violations under 15 U.S.C. § 1635(f). Secondly, Plaintiffs assert that their claims under the Truth in Lending Act asserted herein were not compulsory counterclaims because the state court action was brought by attachment or resulted only in *in rem* or *quasi-in-rem* jurisdiction, i.e., the state court did not have personal jurisdiction over the Plaintiffs. Plaintiffs also cited *In re Apaydin*, 20 B.R. 716 (Bankr.E.D.Pa.1996); *New York Guardian Mortgage Corp. v. Dietzel*, 362 Pa.Super. 426, 524 A.2d 951 (1987); and *Fleet Real Estate Funding Corp. v. Smith*, 366 Pa.Super. 426, 524 A.D. 951 (1987) for the proposition that a defendant may not raise a TILA counterclaim in a mortgage foreclosure action. Plaintiffs assert that a debt claim and a TILA claim do not arise out of the "same transaction or occurrence" for purposes of Rule 13(a), F.R.Civ.P., citing *Brady v. C.F. Schwartz Motor Co., Inc.*, 723 F.Supp. 1045 (D.Del.1989) and the circuit courts' decisions cited therein. Finally Plaintiffs assert that this action should not be treated as an untimely Notice of Removal because suits brought in state court under the Consumer Credit Protection Act are not removable to federal court, citing, *inter alia*, *Ruth v. Westinghouse Credit Co., Inc.*, 373 F.Supp. 468 (W.D.Okla.1974), and because the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(g) "is one of the Acts under the Consumer Credit Protection Act."

Both the federal Truth in Lending Act and Oklahoma's Consumer Credit Code provide that an obligor's right of rescission expires *three* years after the date of consummation of the transaction or upon sale of the property, whichever first occurs. 15 U.S.C. § 1635(f); Okla. Stat. tit. 14A, § 5-204; *Green Tree Acceptance, Inc. v. Anderson*, 981 P.2d 804, 807 (Okla.App.1999). It is undisputed that the consumer credit transaction which is the basis for

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Page 2

2001 WL 34047942 (W.D.Okla.)

(Cite as: 2001 WL 34047942 (W.D.Okla.))

Plaintiffs' rescission claim took place on June 23, 1998. Accordingly, Plaintiffs' rescission claim is not time-barred or "expired," see *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998) and the Court is not deprived of subject matter jurisdiction on that basis, unless Oklahoma's exemption from the substantive provisions of the TILA and/or the failure of 15 U.S.C. § 1640 to specifically incorporate the right of rescission under 15 U.S.C. § 1635 renders rescission a purely state-law claim, issues on which the Court has found no authority and no authority has been cited. However, it is not necessary to definitively decide this issue of subject matter jurisdiction because Plaintiffs' claims are barred by *res judicata*.

*2 Notwithstanding Plaintiffs' arguments in response to Defendant's motion, as the Court reads Plaintiff's Complaint, none of Plaintiffs' claims against Defendant World Mortgage Company are brought or purport to be brought under the Truth in Lending Act. Plaintiffs' claims for rescission under that Act and/or the Oklahoma Consumer Credit Code which Defendant contends were compulsory counterclaims in the prior state court action are asserted only against Defendant First Union Mortgage Corporation. It is notable, as well, that Defendant First Union Mortgage Corporation was not even the party plaintiff in the state court action. That action was brought by First Union National Bank. However, at a hearing on World Mortgage Company's motion, Defendants represented that Defendant First Union Mortgage Corporation is the servicing agent for First Union Equity Bank, which assigned the note and mortgage to First Union National Bank.

First Union Equity Bank, N.A. assigned the note and mortgage in question to First Union National Bank which filed suit in the District Court of Oklahoma County against the Plaintiffs herein to collect on the note and for foreclosure of the mortgage. The Kittels were served but never answered or entered an appearance and judgment by default was entered against them. Whether Plaintiffs' claims herein for rescission under the TILA were compulsory counterclaims in the foreclosure action is determined by Oklahoma law. Section 2013A of Title 12 of the Oklahoma Statutes provides as follows:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.
>
> Okla. Stat. tit. 12, § 2013A.

It is obvious from this section that additional parties may be made parties to a counterclaim, but that is expressly so provided in Section 2013H. It is indisputable that Plaintiffs' claim for rescission arose out of the transaction or occurrence in which they executed the note and mortgage. Accordingly, the Kittels' rescission claim was a compulsory counterclaim in the foreclosure action. The Kittels do not contend that the state court could not acquire jurisdiction over First Union Mortgage Corporation, the only party Defendant in the case before this Court against which the Kittels have asserted a rescission claim and no reason why the state court could not have acquired jurisdiction over that party is apparent to this Court. First Union Mortgage Corporation as the servicing agent of the original obligee and mortgagee, is in privity with it and its assignee, First Union National Bank. Accordingly, Plaintiffs' rescission claim herein is barred. See generally *Fox v. Maulding*, 112 F.3d at 45660.

The remainder of Plaintiffs' claims asserted in this Court are state law claims. Assuming that there is no federal question jurisdiction, there is no basis for jurisdiction over these claims inasmuch as World Mortgage Company is a citizen of the State of Oklahoma; hence, complete diversity is lacking. Thus, these claims must be dismissed as well or, alternatively, the Court declines to exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(c)(3).

*3 In accordance with the foregoing, Defendant World Mortgage Company's motion to dismiss Plaintiffs' Complaint is GRANTED and Plaintiffs' Complaint against both Defendants is DISMISSED

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                         Page 3
2001 WL 34047942 (W.D.Okla.)
(Cite as: 2001 WL 34047942 (W.D.Okla.))

in its entirety.

2001 WL 34047942 (W.D.Okla.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# Westlaw

Slip Copy
2005 WL 735554 (D.Del.)
(Cite as: 2005 WL 735554 (D.Del.))

Page 1

**H**

Motions, Pleadings and Filings

Only the Westlaw citation is currently available

United States District Court,
D. Delaware.
N.A.I.F. INC., Friend of Abdullah T. Hameen;
Ismaa'Eel H. Hackett; and Shakirah
Hameen, Plaintiffs,
v.
Robert SNYDER, Betty Burris, Larry McGuigan,
Charles Cunningham, Ron G.
Hostermen, Frank Pennell, Stanley W. Taylor, Jr.,
Carl C. Danberg, and Paul
Howard, Defendants.
No. Civ.A. 03-506 JJF.

March 30, 2005

N.A.I.F., Inc., Wilmington, Delaware, Plaintiff, pro se

Ismaa'eel H. Hackett, Wilmington, Delaware, Plaintiff, pro se

Shakirah Hameen, Philadelphia, Pennsylvania, Plaintiff, pro se

Stuart B. Drowos, of the Department of Justice for the State of Delaware, Wilmington, Delaware, for Defendants Robert Snyder, Betty Burris, Larry McGuigan, Charles Cunningham, Ron G. Hostermen, Frank Pennell, Stanley w. Taylor, Jr., Carl C. Danberg, and Paul Howard

*MEMORANDUM OPINION*

FARNAN, J.

*1 Presently before the Court is the Motion To Reconsider The Court's Order Granting Plaintiff's Motion To Amend The Complaint (D.I.27) filed by State Defendants Robert Snyder, Larry McGuigan, Betty Burris, Charles Cunningham, Ron Hosterman, Frank Pennell, Stan Taylor, Carl C. Danberg, and Paul Howard. For the reasons discussed, the motion will be denied.

BACKGROUND

Plaintiff Ismaa'eel Hackett is the Director and Iman of the North American Islamic Foundation, Inc. ("NAIF"), a national not-for-profit organization located in Wilmington, Delaware. Mr. Hackett and NAIF filed this lawsuit pursuant to 42 U.S.C. § 1983 as next friend of Abdullah T. Hameen, a former death row inmate who was executed in May 2001. Mr. Hackett volunteered his services as a religious advisor to Muslim inmates at the DCC. In their First Amended Complaint (D.I.3), Plaintiffs Hackett and NAIF allege that Defendants violated Mr. Hameen's First Amendment right to freedom of religion when they failed to allow Mr. Hackett to act as Mr. Hameen's religious advisor at the time of his execution.

On October 24, 2003, Defendants filed a Motion For Summary Judgment (D.I.14). On January 27, 2004, Plaintiffs Hackett and NAIF filed a Motion For Leave To File Second Amended Complaint (D.I.23), in which they added Shakirah Hameen, Mr. Hameen's widow, as a plaintiff and added a claim pursuant to the Religious Land Use And Institutionalized Person Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. On February 9, 2004, the Court entered an Order (D.I.26) granting the Motion For Leave To File Second Amended Complaint. On February 23, 2004, Defendants filed the instant motion for reconsideration of the Court's February 9 Order.

PARTIES' CONTENTIONS
By their motion, Defendants contend that Plaintiffs' Motion For Leave To File Second Amended

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                          Page 2
2005 WL 735554 (D.Del.)

(Cite as: 2005 WL 735554 (D.Del.))

Complaint (D.I.23) should be denied for three reasons: 1) Plaintiffs' motion is the product of undue delay; 2) Plaintiffs' amendment adding Ms. Hameen violates the applicable statute of limitations, and 3) the constitutionality of RLUIPA is questionable.

Plaintiffs respond that, because they are acting *pro se,* they did not have knowledge of RLUIPA at the times they filed the original Complaint and the First Amended Complaint. Plaintiffs further contend that RLUIPA is constitutional.

### LEGAL STANDARD

"As a general rule, motions for reconsideration should be granted 'sparingly.'" *Stafford v. Noramco of Delaware, Inc.,* 2001 WL 65738 at *1 (D.Del. Jan. 10, 2001) (quoting *Karr v. Castle,* 768 F.Supp. 1087, 1090 (D.Del.1991)). The purpose of granting motions for reconsideration is to correct manifest errors of law or fact, present newly discovered evidence, or to prevent manifest injustice. *Harsco Corp. v. Zlotnicky,* 176 F.3d 669, 677 (3d Cir.1999) (citing *Keene Corp. v. Int'l Fid. Ins. Co.,* 561 F.Supp. 656, 665 (N.D.Ill.1983); *North River Ins. Co. v. CIGNA Reins.,* 52 F.3d 1194, 1218 (3d Cir.1995) (citations omitted). Parties should remain mindful that a motion for reconsideration is not merely an opportunity to "accomplish [the] repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle,* 768 F.Supp. 1087, 1093 (D.Del.1991) (citing *Brambles U.S.A., Inc. v. Blocker,* 735 F.Supp. 1239, 1240-41 (D.Del.1990). However, a court should reconsider a prior decision if it overlooked facts or precedent that reasonably would have altered the result. *Id.* (citing *Weissman v. Fruchtman,* 124 F.R.D. 559, 560 (S.D.N.Y.1989))

### DISCUSSION

*2 For the reasons discussed, the Court concludes that State Defendants have not identified errors of law or fact, newly discovered evidence, or manifest injustice sufficient to allow the Court to grant the motion for reconsideration.

I. Whether Plaintiffs' Motion For Leave To Amend Should Be Denied As The Product Of Undue Delay

Defendants first contend that Plaintiffs' motion is the product of undue delay. Defendants specifically contend that Mr. Hackett possessed the information he added to his Second Amended Complaint at the time he filed his First Amended Complaint and, therefore, he acted in a dilatory manner. Defendants further contend that it was only after Mr. Hackett received Defendants' Motion For Summary Judgment (D.I.27), wherein Defendants argued that Mr. Hackett lacked standing, that Mr. Hackett filed the Second Amended Complaint adding Shakeerah Hameen, Mr. Hameen's widow, as a plaintiff.

Federal Rule of Civil Procedure 15(a) declares that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). In the absence of substantial or undue prejudice, denial of a motion for leave to amend a pleading "must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.,* 1 F.3d 1406, 1414 (3d Cir.1993).

The Court concludes that, although the amendment was made after Defendants filed a motion for summary judgment, Defendants have not shown they are substantially or unduly prejudiced by the amendment. The Court finds that Plaintiffs have not acted in bad faith or had dilatory motives in failing to add Ms. Hameen or file the RLUIPA claim in the original Complaint. Further, the Court finds no undue or unexplained delay on the Plaintiffs' part, particularly because they are acting *pro se.*

II. Whether Plaintiffs' Motion For Leave To Amend Should Be Denied With Regard To Ms. Hameen On Statute Of Limitation Grounds

Defendants contend that Plaintiffs' amendment adding Ms. Hameen should be denied on statute of limitation grounds.

The Supreme Court has held that the state statute of limitations for personal injury actions applies to § 1983 claims. See *Owens v. Okure,* 488 U.S. 235,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                     Page 3
2005 WL 735554 (D.Del.)

(Cite as: 2005 WL 735554 (D.Del.))

239 (1989); *Wilson v. Garcia,* 471 U.S. 261, 269 (1985); *Smith v. City of Pittsburgh,* 764 F.2d 188, 194 (3d Cir). In Delaware, the limitations period for a personal injury claim is two years. Del Code Ann. tit. 10, § 8119 (1974); *McDowell v. Delaware State Police,* 88 F.3d 188, 190 (3d Cir. 1996).

Federal Rule of Civil Procedure 15(c) allows amendments that add a party despite the running of an applicable state statute of limitations in certain circumstances. Fed.R.Civ.P. 15(c)(3). To ameliorate the running of the statute of limitations, Rule 15(c)(3) imposes three conditions, all of which must be met for a party to successfully relate back an amended complaint adding a new plaintiff. See *Singletary v. Pennsylvania Depot of Corrections,* 266 F.3d 186, 193-94 (3d Cir. 2001) (describing the three elements of Rule 15(c)(3)); *see also Nelson v. County of Allegheny,* 60 F.3d 1010, 1014 n.7 (3d Cir. 1995) (noting that the relation back of amendments applies equally to amendments changing and adding plaintiffs). The three elements of Rule 15(c)(3) are whether 1) the claim arose out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, 2) whether the defendant had notice of the filing of the action within the period provided by Rule 4(m) and will not be prejudiced in maintaining a defense, and 3) the newly named plaintiffs failed to add their names to the complaint because of a mistake. Fed.R.Civ.P. 15(c)(3); *Nelson,* 60 F.3d at 1015.

*3 The Court finds that, in the circumstances of this case, Defendants had notice of and will not be prejudiced in maintaining a defense to the § 1983 claim. With respect to the third element, the Court finds that the facts in the instant case demonstrate that but for Mr. Hackett's mistake, Ms. Hameen would have been named in the Complaint. Fed.R.Civ.P. 15(c)(3)(B).

For these reasons, the Court concludes that under Rule 15(c)(3) Plaintiff's amendment adding Ms. Hameen as a plaintiff is entitled to relate back to the filing of the Complaint.

III. Whether Plaintiffs' Motion For Leave To Amend Should Be Denied With Regard To The RLUIPA Claim

Defendants contend that Plaintiffs' motion to amend adding a RLUIPA claim should be denied because the U.S. Supreme Court has yet to consider the constitutionality of RLUIPA.

Federal Rule of Civil Procedure 15(c)(2) allows an amendment stating a different claim than the original Complaint to relate back to the date of the original Complaint if the new claim is within the Court's jurisdiction and arises out of the conduct, transaction, or occurrence set forth in the original Complaint. Fed.R.Civ.P. 15(c)(2).

The Court concludes that the RLUIPA claim is within the Court's federal question jurisdiction and arises from the conduct set forth in the original Complaint. Thus, the Court concludes that Defendants' Motion To Reconsider (D.I. 27) should be denied with respect to the addition of the RLUIPA claim.

CONCLUSION
In sum, the Court concludes that State Defendants have not identified errors of law or fact, newly discovered evidence, or manifest injustice sufficient to allow the Court to grant the motion for reconsideration.

An appropriate Order will be entered.

*ORDER*
At Wilmington, this *30* day of March 2005, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that the Motion To Reconsider The Court's Order Granting Plaintiff's Motion To Amend The Complaint (D.I. 27) filed by State Defendants is *DENIED.*

2005 WL 735554 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                Page 4
2005 WL 735554 (D.Del.)
(Cite as: 2005 WL 735554 (D.Del.))

- 1:03CV00506 (Docket)
                           (May 23, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works

Westlaw.

Not Reported in F.Supp.2d
2000 WL 654374 (D.Del.)
(Cite as: 2000 WL 654374 (D.Del.))

Page 1

H
Only the Westlaw citation is currently available.

United States District Court, D. Delaware.
UNITED STATES OF AMERICA, Plaintiff,
v.
Segundo GARCIA, Defendant.
No. CRIM. A. 99-64-1 MMS.

April 5, 2000.

Keith M. Rosen, Assistant United States Attorney, Department of Justice, Wilmington, Delaware; for plaintiff.

Christopher S. Koyste, Assistant Federal Public Defender, Wilmington, Delaware; for defendant.

*MEMORANDUM OPINION*

SCHWARTZ, Senior J.

I. Introduction

*1 On February 28, 2000, this Court issued a Memorandum Opinion ("prior Opinion") and Order ("prior Order") denying the Defendant Segundo Garcia's motion to suppress evidence and request to take additional discovery ("Motion to Suppress"). *See* Docket Items ("D.I.") 50, 51. Garcia has filed a Motion for Reconsideration, or Alternatively for Issuance of a *Subpoena Duces Tecum* Pursuant to Fed.R.Crim.P. 17(c), or Motion for Production of Documents Pursuant to Fed.R.Crim.P. 16(a)(1)(C) ("Motion for Reconsideration and Alternative Motions"). The Court will deny the Motion for Reconsideration and Alternative Motions.

II. Facts
The facts are set forth in the Court's prior Opinion, D.I. 50.

III. Discussion
Garcia raises three issues in the Motion for Reconsideration regarding the Court's prior Opinion and Order denying production of "Delaware State Police documents (monthly and daily IHCP logs of Lieutenant Homiak)" (hereinafter "Homiak logs"). First, Garcia moves the Court to reconsider the prior Order denying production of the Homiak logs. Second, Garcia moves the Court to issue a *subpoena duces tecum* to compel production of the Homiak logs, pursuant to Fed.R.Crim.P. 17(c) ("Rule 17(c)"). Finally, Garcia moves the Court to compel production of the Homiak logs pursuant to Fed.R.Crim.P. 16(a)(1)(C) ("Rule 16(a)(1)(C)"). The Court addresses these arguments in turn.

A. Reconsideration of Prior Decision

A motion for reconsideration may only be used to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3rd Cir.1999) (quoting *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985)). On a motion for reconsideration, the moving party must demonstrate an intervening change in the law, new evidence not previously available, or, "the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* A party may not raise new legal arguments that could have been raised earlier. *See id.* A motion for reconsideration is not an opportunity for the parties to engage in an endless debate over previously litigated arguments. *See Karr v. Castle,* 768 F.Supp. 1087, 1093 (D.Del.1991).

Without asserting an intervening change in law or new evidence, Garcia contends the Court erred in finding that "Garcia has made absolutely no showing of either discriminatory intent or effect so as to warrant discovery." D.I. 50 at 21. As in the Motion to Suppress, Garcia again contends he made an adequate showing of a Fourteenth Amendment violation, pointing only to a discrepancy between Lt. Homiak's and Cpl. Szafranski's testimony. Lt. Homiak testified that it was his habit to ask every

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F Supp 2d

2000 WL 654374 (D Del.)

(Cite as: 2000 WL 654374 (D.Del.))

Page 2

stopped driver to exit the car In contrast, Cpl Szafranski testified that, on every day he worked with Lt Homiak, Lt Homiak asked only about 30% of the drivers to exit the car

However, the Court concluded that "this discrepancy alone provides no proof of, nor does it raise any suspicion of, discriminatory intent or effect by Lt. Homiak " D I 50 at 22 In reaching this conclusion, the Court carefully examined all of the evidence and applied the relevant law:

*2 No testimony was developed to demonstrate that the drivers asked out of their cars on that day, or on any other day, were predominantly of a particular race or state of origin Moreover, both Lt Homiak and Cpl Szafranski articulated several race-neutral reasons for deciding when to ask drivers to exit their cars, including officer safety, traffic noise, or suspicious license, vehicle, or insurance information Lt Homiak also testified that he asked Garcia to exit his car for officer safety, due to his standing between the car and interstate highway, and because of traffic noise, which made oral communication difficult The record contains no evidence that race or state of origin was ever a factor in asking Garcia, or any other driver, to exit his car Therefore, the record does not raise any suspicion that Lt Homiak has a pattern of deciding whom to ask out of the car based on race or state of origin, so as to allow discovery into his practices

D I 50 at 22 [FN1] Garcia has not presented any argument as to why the Court erred in this analysis

FN1 Indeed in all cases, but one, in the District of Delaware involving Lt. Homiak, he has asked the defendant to exit the car. See *Brittingham v U S*, 1999 WL 33134 (D Del 1999); *Hernandez v U S*, 1998 WL 552942 (D Del 1998); *U S v Harris*, 1997 WL 284746 (D Del 1997); *U S v Rodriguez*, 1996 WL 490261 (D Del 1996); *U S v Byrd*, 1996 WL 328578 (D Del 1996); *U S v Davis*, 1995 WL 702530 (D Del 1995) In the other case, the defendant exited the car before Lt Homiak approached it See *U S v Padron*, 657 F Supp 840 (D Del 1987)

Moreover, as the Court concluded in its prior opinion, there is "not a shred of evidence to even raise suspicion sufficient to support Garcia's claim of racial or state of origin discrimination." D I. 50 at 22 Garcia has failed to adduce any evidence that Lt. Homiak had a pattern of asking drivers out of cars based on their race or state of origin. Moreover, there was no evidence that Lt Homiak considered these factors in deciding to ask Garcia to exit his vehicle. Absent any evidence of bias based upon race or state of origin or any new argument to compel discovery, the Court will not reconsider its earlier decision to deny Garcia's motion for discovery

B. *Subpoena Duces Tecum* Under Rule 17(c)

In the alternative, Garcia moves the Court to issue a *subpoena duces tecum* to compel production of the Homiak logs, pursuant to Rule 17(c) [FN2] Because not requested by Garcia, the Court did not use the words *"subpoena duces tecum"* or cite Rule 17(c) in the prior Opinion However, the Court implicitly treated Garcia's discovery request as a request for a *subpoena duces tecum* under Rule 17(c). Indeed, in his Motion for Reconsideration, Garcia concedes that the Court "den[ied] the production of [the Homiak logs] pursuant to a *subpoena duces tecum* " D I 53 at 1 As discussed in Section III A, *supra,* the Court will not reconsider this prior ruling

FN2 Rule 17(c) provides:
For Production of Documentary Evidence and of Objects A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or

© 2005 Thomson/West. No Claim to Orig U S. Govt Works

Not Reported in F Supp 2d                                                                                    Page 3

2000 WL 654374 (D.Del.)

(Cite as: 2000 WL 654374 (D.Del.))

portions thereof to be inspected by the parties and their attorneys

Even if the Court's prior opinion did not treat the request as a request for a *subpoena duces tecum* under Rule 17(c), the present motion will be denied First, a *subpoena duces tecum* may only be issued if the documents sought are evidentiarily relevant, if they are likely to be admissible, and if the request is specific. See *United States v Nixon*, 418 U S 683, 699-700 (1974); Moore's Federal Practice § 617.08[3][b]. The Homiak logs are irrelevant and likely inadmissible because Garcia has not adduced "a shred of evidence" to support his assertion of racial or state of origin discrimination Second, a request for a *subpoena duces tecum* must not be unreasonable or oppressive See *id* In this case, any marginally relevant value of the Homiak logs is strongly outweighed by the burden on the State of Delaware to produce the records Finally, a party may not raise new legal arguments that could have been raised earlier See *Max's Seafood Cafe*, 176 F.3d at 677 Pursuant to this Court's Rule 12(c) [FN3] order setting the time for filing motions, D.I 19, Garcia could have raised a Rule 17(c) motion at the same time as his Motion to Suppress Since he failed to do so, Garcia's request for a *subpoena duces tecum* will now be denied

> FN3 Rule 12(c) provides:
> Motion Date Unless otherwise provided by local rule, the court may, at the time of the arraignment or as soon thereafter as practicable, set a time for the making of pretrial motions or requests and, if required, a later date of hearing.

C Discovery Under Rule 16(a)(1)(C)

*3 Finally, Garcia moves the Court to issue an order compelling discovery of the Homiak logs pursuant to Rule 16(a)(1)(C). [FN4] Although the Court did not cite Rule 16(a)(1)(C) in its prior opinion, it implicitly treated the Motion to Suppress, in the alternative, as a motion to compel discovery pursuant to this rule. The Court repeatedly referred to Garcia's request as a request for "discovery." [FN5] As discussed in Section III A, *supra*, the Court will not now reconsider the prior ruling denying discovery.

> FN4 Rule 16(a)(1)(C) provides:
> Documents and Tangible Objects Upon request of the defendant the government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant
>
> FN5 See. e g. D I 50 at 1 ("the Court will deny Garcia's request to take additional *discovery*"); *id* at 20 ("Garcia has not made any showing to warrant *discovery*"); *id* at 21 ("Garcia has made absolutely no showing of either discriminatory intent or effect so as to warrant *discovery*"); *id* at 22 ("the Court will deny Garcia's request for *discovery* and deny his motion to suppress the evidence") (emphasis added to all citations)

Even if the Court did not treat the Motion to Suppress, in the alternative, as a Rule 16(a)(1)(C) motion, the Court, the present motion must be denied. First, Garcia may not raise this new legal basis now when it could have been raised earlier in conjunction with the Motion to Suppress. See *Max's Seafood Cafe*, 176 F.3d at 677. Since Garcia could have raised this motion earlier, pursuant to this Court's Rule 12(c) order, D.I 19, Garcia's untimely request must be denied. In addition, Rule 16(a)(1)(C) only allows discovery of evidence which would be "material" to the defense See Rule 16(a)(1)(C); *United States v Lloyd*, 992 F 2d 348, 351 (D C Cir 1993). As previously discussed, Garcia has failed to adduce any evidence of discrimination based on race or state of origin. Accordingly, the requested Homiak logs will not be material to his defense.

© 2005 Thomson/West. No Claim to Orig. U S Govt Works

Not Reported in F Supp 2d

2000 WL 654374 (D Del )

(Cite as: 2000 WL 654374 (D.Del.))

Page 4

Finally, Rule 16(a)(1)(C) only provides for discovery of documents "within the possession, custody or control of the government" Rule 16(a)(1)(C). The United States asserts that the documents do not meet these requirements because they are in the possession of the Delaware State Police Department Garcia counters that the documents should be deemed to be in the custody of the United States because there is "sufficient entanglement" in this case between the federal prosecutors and the case agent, Sgt. Ogden, who is a member of the Delaware State Police on assignment with the federal Drug Enforcement Agency Courts have held that documents possessed by state or local law enforcement agencies are not in the "possession, custody or control" of the federal government See *United States v Brazel*, 102 F.3d 1120, 1150 (11th Cir 1997) [FN6] Because the Homiak logs are held by the Delaware State Police and cannot be obtained absent a subpoena, the they are not in the "possession, custody or control" of the federal government for purposes of Rule 16(a)(1)(C). Accordingly, the Court will deny Garcia's request for discovery under this rule

> FN6. Garcia's relies on a footnote in *Brazel*, which states that "the term 'government' in Rule 16(a)(1) may include investigative agencies aligned with the prosecution and to which the prosecution has ready access, that must be determined on a case-by-case basis " *Brazel*, 102 F 3d at 1150 n 19 However, in this footnote, the court is referring to materials held by another federal agency, not a state or local agency *Id*

\* \* \*

One final item is worth noting Defense counsel was not derelict in his representation of Mr Garcia The Motion to Suppress was initially brought under the theory "that the stopping of the automobile and/or the continuing detention and questioning was based upon impermissible facts or factors which violated the equal protection clause and/or the privileges and immunities clause of the 14th Amendment." D I 28 at ¶ 2 However, at the hearing, the evidence made clear that the state police officers had no opportunity to adequately observe Garcia's race or state of origin prior to stopping his automobile. Thus, defense counsel was left with only a theory that Lt. Homiak made a decision to ask Garcia out of the car based on his race or ethnicity This theory failed only because there was no evidence or testimony to support it

\*4 Moreover, defense counsel was not derelict in failing to explicitly cite Rule 17(c) and Rule 16(a)(1)(C) as alternative bases for obtaining the Homiak logs, in conjunction with the Motion to Suppress As discussed above, the Court implicitly treated the general request for discovery in the Motion to Suppress as alternative motions under both of these rules In addition, even if defense counsel had explicitly made separate motions pursuant to these rules, the Court would have denied these alternative motions for the reasons set forth above

IV. Conclusion

The Court will enter an order denying the Motion for Reconsideration and Alternative Motions

2000 WL 654374 (D Del )

END OF DOCUMENT

© 2005 Thomson/West No Claim to Orig U S Govt Works