IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CAROLINE P. AYERS-FOUNTAIN,       :
                                  :
          Plaintiff,              :
                                  :
     v.                           :   Civil Action No. 04-349 JJF
                                  :
EASTERN SAVINGS BANK,             :
                                  :
          Defendant.              :

### MEMORANDUM ORDER

On March 31, 2005, the Court issued a Memorandum Opinion (D.I. 24) and Order (D.I. 25) granting Defendant's Motion To Dismiss (D.I. 6) concluding that Plaintiff's claims were barred by the doctrine of res judicata. On April 14, 2005, Plaintiff filed a Motion For Reconsideration, In The Alternative, Motion To Alter And/Or Amend The March 31, 2005 Order Dismissing Case (D.I. 26). Defendants oppose the Motion (D.I. 28).

A motion for reconsideration under Delaware Local Rule 7.1.5 which is timely filed and challenges the correctness of a previously entered ordered is considered the "functional equivalent" of a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). In re DaimlerChrysler AG Securities Litigation, 200 F. Supp. 2d 439, 441 (D. Del. 2002) (citations omitted). The purpose of a motion for reconsideration filed pursuant to Rule 59(e) is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Motions for reargument or reconsideration should be granted

sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court. Karr v. Castle, 768 F.Supp. 1087, 1090 (D. Del. 1991); Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1240 (D. Del. 1990). Thus, a court may only alter or amend its judgment if it is presented with: (1) a change in the controlling law; (2) newly available evidence; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. Max's Seafood, 176 F.3d at 677.

After considering Plaintiff's arguments in support of the instant motion, the Court concludes that reconsideration is not warranted. Plaintiff's motion does not cite a change in controlling law or newly available evidence. Plaintiff's papers assert arguments that have already been briefed by the parties and considered and decided by the Court. For this reason, the Court will deny Plaintiff's Motion (D.I. 26).

NOW THEREFORE, IT IS HEREBY ORDERED this 6 day of May 2005, that Plaintiff's Motion For Reconsideration, In The Alternative, Motion To Alter And/Or Amend The March 31, 2005 Order Dismissing Case (D.I. 26) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE