NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2418
_____

CAROLINE P. AYRES-FOUNTAIN,

Appellant
v.

EASTERN SAVINGS BANK, a Maryland Corporation

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 04-cv-00349)
District Judge: Honorable Joseph J. Farnan, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
October 14, 2005

Before: RENDELL, AMBRO and FUENTES, Circuit Judges

(Filed: October 27, 2005)

_____
OPINION
_____

PER CURIAM

Caroline Ayres-Fountain appeals the District Court's order dismissing her complaint. Appellee had instituted a foreclosure action against Ayres-Fountain in the

Superior Court of Delaware. The Superior Court entered summary judgment in favor of appellee. Ayres-Fountain then filed a complaint in the District Court for the District of Delaware alleging fraud by appellee and seeking recission of the mortgage note. The District Court concluded that her claims were barred by the doctrine of res judicata and granted appellee's motion to dismiss. Ayres-Fountain filed a notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

While Ayres-Fountain lists fourteen numbered issues on appeal, they can be summarized as two basic arguments - whether res judicata applies to her complaint and whether the District Court should have permitted her to amend her complaint. However, we must first address whether the District Court had jurisdiction over Ayres-Fountain's complaint. Appellee argues that the District Court lacked jurisdiction under the Rooker-Feldman doctrine.[1] We agree. The Rooker-Feldman doctrine deprives a federal district court of jurisdiction to review, directly or indirectly, a state court adjudication. See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923). A federal claim is barred if it is "inextricably intertwined" with the state court adjudication. We recently noted that

> [a] federal claim is inextricably intertwined with an issue adjudicated by a state court when . . . the federal court must take an action that would negate the state court's judgment . . . . Rooker-Feldman does not allow a plaintiff to seek relif

---

[1] Ayres-Fountain argues that appellee has waived this argument. However, we have an obligation to sua sponte raise the issue of subject-matter jurisdiction. Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 420 (3d Cir. 2003).

that, if granted, would prevent a state court from enforcing its orders. In re Knapper, 407 F.3d 573, 581 (3d Cir. 2005).  In this case, the Superior Court ordered judgment in favor of appellee based on Ayres-Fountain's default of the terms of the note and mortgage.  In her complaint filed in the District Court, Ayres-Fountain sought recission of the mortgage and damages.  Thus, the relief she seeks would invalidate the Superior Court's judgment against her.  Ayres-Fountain's proposed amended complaint would not cure this lack of jurisdiction.

Moreover, even if review of the complaint were not barred by Rooker-Feldman, we agree with the District Court that Ayres-Fountain's claims were barred by res judicata.  Furthermore, we note that in the state court action, Ayres-Fountain agreed that she waived all defenses.

For the above reasons, we will vacate the District Court's March 31, 2005, order and remand the matter to the District Court with instructions to dismiss the complaint for lack of jurisdiction.  Appellant's motion to strike appellee's brief is denied.